# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JEROME A. REED, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:17-CV-00363-DGK |
| ) | (Crim. No. 4:14-CR-00313-DGK-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING § 2255 MOTION

This habeas case arises out of Movant Jerome A. Reed's guilty plea and 108-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). On January 22, 2019, the Court heard evidence on Movant's argument that his attorney was ineffective for not filing an appeal when requested or consulting with Movant about an appeal. Because Movant did not direct his counsel to file an appeal and because his counsel did consult with him about an appeal, the Court DENIES the motion and declines to issue a certificate of appealability.

**Background**

On July 6, 2014, a federal grand jury indicted Movant, charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Movant initially pled guilty pursuant to a binding plea agreement. The Court held Movant's plea agreement while awaiting the presentence investigation report ("PSR"). On February 18, 2015, the Court informed Movant that, in light of the PSR, the 72-month sentence in

the plea agreement was not befitting. The Court then rejected the binding plea agreement, and Movant withdrew his plea of guilty.

On September 17, 2015, Movant pled guilty without a written plea agreement. An addendum to the PSR was filed, which contained Reed's objection to the four-level enhancement for possessing a firearm in connection with another felony offense—possession of 27 Oxycodone pills, a controlled substance, in an unlabeled prescription bottle. The Court sustained the objection because Movant had a prescription for the pills.

On September 30, 2015, the Court found Movant's Sentencing Guideline range was from seventy to eighty-seven months' imprisonment but then imposed an upward variance after considering the sentencing factors under 18 U.S.C. § 3355(a). Ultimately, the Court sentenced Movant to 108 months' imprisonment followed by a supervised release term of three years. The Court issued its final judgment on October 2, 2015.

On February 22, 2016, Movant filed an untimely pro se notice of appeal, alleging his defense counsel ("Counsel") neglected to file a notice of appeal despite telling Movant he would do so. The Eighth Circuit then appointed Counsel to file a supplemental notice of appeal. Counsel did so, observing that his notes and memories from the date of sentencing did not reveal that his client had told him to file a notice of appeal. Counsel also later filed a substantive brief on behalf of Movant, arguing this Court imposed an unreasonable sentence. The Eighth Circuit dismissed the appeal as untimely. *United States v. Reed*, 678 Fed.Appx. 457 (8th Cir. Mar. 1, 2017).

Movant, acting pro se, timely filed the pending § 2255 motion. The motion alleges his attorney was ineffective for failing to (1) file a notice of appeal and (2) discuss and consult with him regarding an appeal.

The Court held an evidentiary hearing on January 22, 2019, to address Movant's arguments. *See Witthar v. United States*, 793 F.3d 920, 923-24 (8th Cir. 2015). The Court appointed counsel to represent Movant at the hearing. Movant appeared and testified, as did Movant's former defense attorney ("Counsel").

**Standard**

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States."

To succeed on a claim of ineffective assistance of counsel, a movant must show "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).

Where the alleged ineffective assistance of counsel involves failing to file a notice of appeal, the *Strickland* standard has been modified. "[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (internal quotations and citation omitted). Where this occurs, prejudice is presumed, so the Court need not conduct an analysis regarding the prejudice prong of the *Strickland* standard. *Watson v. United States*, 493 F.3d 960, 963-64 (8th Cir. 2007).

**Discussion**

Movant raises two grounds of ineffective assistance of counsel in this motion, namely, that his attorney failed to (1) file a notice of appeal and (2) discuss and consult with him regarding an appeal. Movant's claims are without merit.

**I.    Counsel was not ineffective in failing to file a notice of appeal.**

Movant first claims counsel was ineffective for failing to file a notice of appeal despite being directed by Movant to do so. For Movant to succeed, "he must show that he made his desire to appeal evident to his attorney." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)) (alteration in original).

At the evidentiary hearing, Movant presented nothing beyond his bare assertion in the § 2255 motion that he made his desire to appeal known to Counsel. Movant testified that Counsel brought up the issue of appealing in court immediately after sentencing, and after that conversation, Movant directed Counsel to file an appeal. Counsel similarly testified that the two briefly discussed filing an appeal after Movant's sentencing, but that Movant did not ask him to file a notice of appeal. Counsel also testified he has represented thousands of defendants yet has never failed to file a notice of appeal when a client indicated he or she wanted him to do so. The Court finds no reason to doubt Counsel's testimony at the evidentiary hearing, which is consistent with the statements made in his affidavit (Doc. 12-1).

The Court also finds that Counsel had no reason to think Movant wanted to appeal his sentence. Defendant entered his guilty plea under oath, indicating he sought an end to judicial

proceedings. And Counsel testified he believed Movant's chances on appeal were slim and relayed that belief to Movant directly after his sentencing. Although Movant was upset at receiving a longer sentence than anticipated, this fact alone does not indicate that he sought to appeal. *See Green v. United States*, 323 F.3d 1100, 1104 (8th Cir. 2003) (holding defendant's crying after sentencing does not demonstrate an intent to appeal).

Finally, Movant's conduct after sentencing does not support his claim that he had any interest in appealing his case. Although the Court expressly advised Movant of his right to appeal within fourteen days, Movant took no action in this case—and has provided no evidence demonstrating he took any action—until four months after his sentencing. While Movant says he had his fiancée call and text Counsel about an appeal, Movant presented no evidence corroborating that testimony, and Counsel testified he never received any calls, letters, emails, texts, or faxes from Movant, or anyone else, regarding Movant's appeal.

Movant's bare assertion that he asked Counsel to file a notice of appeal is insufficient to demonstrate he directed Counsel to appeal his conviction in light of the more credible evidence to the contrary. Thus, the Court finds no support for Movant's claim that his counsel was deficient for failing to file a notice of appeal.

**II.     Counsel was not ineffective in failing to consult with his client about an appeal.**

An attorney also "has a constitutionally imposed duty to consult with the defendant about an appeal" if there is reason to think "that a rational defendant would want to appeal" or the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores–Ortega*, 528 U.S. 470, 480 (2000). In this context, "consult" specifically means "advising the defendant about the advantages and disadvantages of taking an appeal, and making reasonable effort to discover defendant's wishes." *Id*. The court looks to the totality of the

circumstances and takes into account all of the information counsel knew, or should have known, to determine whether there was an obligation to consult. *Id*. Once counsel consults with a defendant about his right to appeal, his subsequent performance is professionally unreasonable only if he fails "to follow the defendant's express instructions with respect to an appeal." *Id*.

Movant claims that Counsel was ineffective for failing to consult with him based on Counsel's response to the Eighth Circuit that he had reviewed his notes and memories from the date of sentencing and "found nothing" indicating he and Movant discussed the matter.

But Movant and Counsel both testified at the hearing that they discussed an appeal after sentencing, though their testimony differs regarding the content of that discussion. Movant denied that Counsel informed him an appeal would be futile, while Counsel testified he informed Movant that the likelihood of success on appeal was slim. Counsel further testified that Movant did not instruct him to file an appeal after this conversation. The Court finds Counsel's testimony credible.

Counsel believed an appeal would be unsuccessful because the Court ruled in favor of the defense's objection to the PSI, which lowered the guideline range and then specifically went through the sentencing factors under 18 U.S.C. § 3355(a) to find an upward variance. And Counsel further testified that he found no case law which would be helpful to Movant on appeal.

In light of the facts and circumstances of this case, the Court finds that Counsel acted reasonably in consulting with Movant regarding his appeal rights.

**III.   A certificate of appealability should not issue.**

Because the Court will enter a final order adverse to Movant, it must grant or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Movant

must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). The Court holds that no reasonable jurist would grant this motion and denies a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  February 15, 2019                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT